## Case No. 14,448.

### UNITED STATES v. ANDERSON.

[17 Blatchf. 238;[1] 8 Reporter, 677.]

Circuit Court, S. D. New York. Oct. 13, 1879.

INDICTMENT — PLACE OF COMMITTING OFFENCE — OUT OF JURISDICTION OF ANY STATE — ALLEGATIONS — ASSAULT.

An indictment purporting to be founded on section 5346 of the Revised Statutes, charging the commission of an assault with a dangerous weapon, on board a vessel belonging in whole or in part to a citizen of the United States, alleged the assault to have taken place "in the harbor of Guantanamo, in the island of Cuba," but did not allege that place was out of the jurisdiction of any state of the United States. *Held*, upon the authority of U. S. v. Jackelow, 1 Black [66 U. S.] 484, that the indictment was bad, for want of such allegation.

[Cited in Com. v. Clancy, 154 Mass. 133, 27 N. E. 1001.]

Criminal assault in admiralty. On motion to quash the indictment [against Charles Anderson].

William P. Fiero, Asst. U. S. Dist. Atty.
Benjamin B. Foster, for defendant.

BENEDICT, District Judge. This case comes before the court upon a motion to quash the indictment. The offence intended to be charged in the indictment is that enacted by section 5346 of the Revised Statutes of the United States, where it is provided: "Every person who, upon the high seas, or in any arm of the sea, or in any river, haven, creek, basin or bay within the admiralty jurisdiction of the United States, and out of the jurisdiction of any particular state, on board any vessel belonging in whole or in part to the United States, or any citizen thereof, with a dangerous weapon, or with intent to perpetrate any felony, commits an assault on another, shall be punished by a fine of not more than three thousand dollars, and by imprisonment at hard labor not more than three years." The act charged is an assault with a dangerous weapon on board the brig Sarah and Emma, a vessel belonging in whole or in part to a citizen of the United States, in the harbor of Guantanamo, in the island of Cuba, on waters within the admiralty jurisdiction of the United States. The objection taken to this indictment is, that it contains no averment that the place where the offence is said to have been committed is out of the jurisdiction of any of the states of the Union. In the case of U. S. v. Jackelow, 1 Black [66 U. S.] 484, it was held by the supreme court of the United States, that the question whether a particular place be out of the jurisdiction of any state, when material in determining the extent of the jurisdiction of a court, is a question of fact, to be passed on by the jury; and, in that case, the supreme court set aside a special verdict which found the offence to have been committed in waters adjoining the state of Connecticut, between Norwalk Harbor and Westchester county in the state of New York, at a point five miles eastward of Lyons' Point (which is the boundary between the states of New York and Connecticut), and one mile and a half from the Connecticut shore at low water mark, upon the ground, that, in the absence of a finding by the jury that the place so described was out of the jurisdiction of any state, it was impossible for the court to determine such to be the fact. If it was not competent for the supreme court, from such a description of the place as was given in Jackelow's Case, to say that the court had jurisdiction to try the offender, certainly, it will not be competent for this court to say that it has jurisdiction to try the defendant for an offence committed "in the harbor of Guantanamo, in the island of Cuba." There may be an island called Cuba within the jurisdiction of some of the states of the Union, and, for all that is stated in this indictment, therefore, the place described may be within the jurisdiction of such state. If, as the supreme court held in the case referred to, the question whether a certain place is out of the jurisdiction of a state be a question of fact, to be determined by the jury, then the fact must be averred and proved. No such averment is contained in this indictment, and, upon the authority of the supreme court of the United States, the omission must be held to be fatal. The motion to quash the indictment is granted.